UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN THE MATTER OF:            )
                             )
OLDE PRAIRIE BLOCK OWNER LLC,)    CASE NO. 10 B 22668
                             )
        Debtor.              )

MEMORANDUM OPINION ON MOTION OF CENTERPOINT
TO RECONSIDER COURT'S FINDINGS OF FACT AND
CONCLUSIONS OF LAW ON COUNT III OF COUNTERCLAIM
AND TO AMEND JUDGMENT ORDER ON THAT COUNT

Following trial held on Count III of the Debtor's Counterclaim to CenterPoint's secured claim on its Mortgage Note, Findings of Fact and Conclusions of Law were made and entered, and Additional Conclusions of Law later entered. Based thereon a Judgment Order was entered August 30, 2011 (Docket No. 1021). Part C of that Judgment is the portion that CenterPoint has asked to be reconsidered. That request will be treated as a Motion to Alter or Amend the Judgment under Rule 9023(e) Fed. R. Bankr. P. [incorporates Rule 59 Fed. R. Civ. P.]

Part C reads as follows:

"CenterPoint's claim for additional fees and costs from the date of filing of this bankruptcy case is disallowed."

That ruling was based on the fact that CenterPoint rested at trial without proving up fees that it might be entitled to under its mortgage and note and because such matters were not reserved by pretrial order or by request of CenterPoint's counsel of record to be dealt with after the trial.

The question presented by the CenterPoint Motion and Debtor's objections thereto rests on two issues: First whether law and precedent generally applicable recognize that a party having a contractual right to fees may prove them up post-trial without reserving that right on record before resting at trial. Second, whether in a Chapter 11 Bankruptcy case should the judgment approving a claim due on a mortgage obligation that is oversecured attempt to fix the final amount due on that

obligation at any amount less than that including accrual of interest and fees up the value of security until plan confirmation.

## DISCUSSION

1. Attorneys' Fees Are Recoverable Under Fed. R. Civ. P. Rule 54(d)(2)

The American Rule commands that a prevailing litigant is not ordinarily entitled to recover attorneys' fees unless a federal statute or enforceable contractual provision authorizes recovery. *Matter of Sheridan*, 105 F.3d 1164, 1166 (7th Cir. 1997). Here, CenterPoint's contract with Debtor provided: "Buyer agrees to pay reasonable attorneys' fees, costs and expenses incurred in collection or enforcement of the debt. . . ." A contractual provision authorizing a creditor to recover attorneys' fees is enforceable in dischargeability actions if the provision is valid under state law. *Id.* Illinois law permits parties to a contract to provide that the party who successfully sues to enforce the contract will recover attorney fees and costs from the losing party. *Kempner Mobile Elec., Inc. v. Southwestern Bell Mobile Sys., Inc.*, 2005 U.S. Dist. LEXIS 7598, at *7 (N.D. Ill. 2005) (*citing Grossinger Motor Corp., Inc. v. American Nat'l Bank & Trust Co.*, 607 N.E.2d 1337, 1347-48 (Ill. App. 1992)). However, because a fee-shifting agreement is contrary to the American Rule, such agreements are strictly construed. *Kempner Mobile*, 2005 U.S. Dist, at *7.

Debtor argues that CenterPoint should be denied its requested relief because it rested its case at trial without presenting evidence of its claim for additional attorneys' fees and without reserving the issue for later resolution. Some opinions can be found in support of its argument. In *Household Fin. Corp. v. Howard (In re Howard)*, 73 B.R. 694, 710 (Bankr. N.D. Ind. 1987), a creditor was denied attorneys' fees despite prevailing in a non-dischargeability trial because the creditor did not submit evidence of the amount incurred for attorneys' fees during trial. *Id.* That opinion, however, contains no analysis and cites no authority for denying the creditor's request. Similarly, in *Norbank*

*v. Kroh (In re Kroh)*, 87 B.R. 1004, 1008 (Bankr. W.D. Mo. 1988), the prevailing creditor's request for attorneys' fees was denied because no evidence of fees was provided at trial. In that case, the creditor sought fees based on language in the promissory note it was enforcing. As in *Howard*, however, the bankruptcy judge in *Kroh* provided no analysis or authority for its denial of fees.

Rule 54 of the Fed. R. Civ. P., however, does raise the question whether CenterPoint was required to submit evidence of its fees either during trial or within 14 days thereafter. Subsection (d)(2) of that Rule provides: "A claim for attorney's fees . . . must be made by motion unless the substantive law requires those fees be proved at trial as an element of damages . . . ." and "must be filed no later than 14 days after the entry of judgment . . . ." As CenterPoint seeks fees under its contract, one issue is whether Illinois contract law requires those fees be proved at trial as damages. Complicating the matter, the Committee Note to that Rule explains that the procedures outlined "[do] not, however, apply to fees recoverable as an element of damages, as when sought under the terms of a contract; such damages are typically to be claimed in pleading and may involve issues to be resolved by the jury." Fed. R. Civ. P. 54 Committee Notes 1993 Amendment.

Circuit precedent, however, has clarified that attorney fee provisions such as those involved in this case do not necessarily involve issues to be resolved at trial. A Panel of the Seventh Circuit Court of Appeals directly addressed the propriety of a post-judgment request for attorney's fees in a case alleging breach of contract. In *Eastern Trading Co., et al. v. Refco Inc.*, 229 F.3d 617 (7th Cir. 2001), the Panel considered the District Judge's denial of attorneys' fees despite a contractual provision providing for reimbursement of attorneys' fees incurred in enforcing the contract. *Id.* at 626. The District Judge had denied the fees finding that they had been waived because the party seeking fees had not made fees an issue for trial. *Id.* In reversing, the Panel reasoned that attorneys' fees were not a trial issue. *Id.* at 627. Because the contract obligated the losing party to reimburse

the victor for attorneys' fees there was no issue at the trial of entitlement to those fees. *Id.* If the party seeking fees successfully enforced its contract in the courts then it had a right post-judgment to payment of its fees. According to the Panel Opinion, "[t]he issue of attorneys' fees (including amount) was therefore an issue to be resolved after trial on the basis of the judgment entered at trial, just as in cases in which statutory rather than contractual entitlements to attorneys' fees are involved." *Id.* Accordingly, when CenterPoint succeeded in enforcing the debt owed to it at trial it was automatically authorized to seek post-trial recovery of reasonable attorneys' fees. Another Seventh Circuit Panel also recognized that fees sought for work done during a case should be sought after judgment because the prevailing party will have been identified and fees quantifiable. *Rissman v. Rissman*, 229 F.3d 586, 588 (7th Cir. 2000).

A Panel of Second Circuit Court of Appeals also recognized post-judgment determinations of fee awards pursuant to contract. In *McGuire v. Russell Miller, Inc.*, 1 F.3d 1306 (2d Cir. 1993), the opinion considered the implications of forcing a party to prove its fees up during trial:

> The prospect of such a trial evokes images of an attorney struggling to prove the amount of fees to which he is entitled, but never being able to do so because he must prove the value of his words even as he speaks them, and also the value of his words yet unuttered and unwritten.

*Id.* at 1316.

Accordingly, it is held here that CenterPoint did not waive or lose its right to prove up additional attorneys' fees that may be due under its mortgage or mortgage note by not reserving the right to do so before it rested at trial.

II.    In a Chapter 11 Bankruptcy Case Calculation of a Mortgage Debt Claimed Against Oversecured Property Must Allow for Interest and Fees Accruing Up to Value of Security Until a Plan is Confirmed

Early in this Chapter 11 bankruptcy case, the Creditor CenterPoint moved to alter the statutory automatic stay. Pursuant to evidence taken it was adjudged at the time that the value of CenterPoint's collateral was worth $81,150,000 while its mortgage debt due was only about $48,000,000 (Docket No. 313, entered on October 29, 2010). As of that date, CenterPoint was therefore oversecured for purposes of deciding the stay motion.

However, valuation of security for one purpose at some time does not in a Chapter 11 case mean that such valuation applies for all purposes and times. *See Financial Security Assurance Inc. V. T-H New Orleans Ltd. Partnership (In re T-H New Orleans Ltd. Partnership)*, 116 F.3d 790, 797 n.7 (5th Cir. 1997). Assets may be valued under 11 U.S.C. § 506(a) at different points of time depending on the particular reason valuation is needed. *Collier on Bankruptcy* ¶ 506.03. Indeed, CenterPoint has a pending request for a current re-evaluation of its security for purposes of considering confirmation of Debtor's latest proposed Plan of Reorganization.

In a Chapter 11 case, a valuation for purposes of use in a Plan confirmation hearing dealing with oversecured collateral can only fix an amount due of principal and interest as of the hearing, but should also allow for further interest accrual and later prove up of fees due under the mortgage contract up to the value of collateral, all accruing until a plan is confirmed. *Orix Credit Alliance, Inc. v. Delta Resources, Inc. (In re Delta Resources, Inc.)*, 54 F.3d 722, 729–730 (11th Cir. 1995);

11 U.S.C. §§ 506(a)(1), (b) and (d) state:

> "(a)(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the

> valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.
> * * *
> (b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose.
> * * *
> (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void."

Section 506(b) is limited in its application to oversecured creditors.

The Supreme Court commented on the meaning of § 506(b) in *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 (1989):

> [T]here shall be allowed to the holder os such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose." "Such claim" refers to an oversecured claim. The natural reading of the phrase entitles the holder of an oversecured claim to postpetition interest and, in addition, gives one having a secured claim created pursuant to an agreement the right to reasonable fees, costs, and charges provided for in that agreement. Recovery of postpetition interest is unqualified. Recovery of fees, costs, and charges, however is allowed only if they are reasonable and provided for in the agreement under which the claim arose. . . .

An undersecured creditor is not entitled to recover its attorneys' fees. It is generally recognized that unsecured and undersecured creditors are not entitled to recover post-petition attorneys' fees and similar costs. *See, e.g., In re Hedged-Investments Associates, Inc.*, 293 B.R. 523 (D. Colo. 2003); *In re Loewen Group, Int'l, Inc.*, 274 B.R. 427 (Bankr. D. Del. 2002); *In re Pried Companies, L.P.*, 285 B.R. 366 (Bankr. N.D. Tex. 2002); *In re Saunders*, 130 B.R. 208 (Bankr. W.D. Va. 1991); *In re Sakowitz, Inc.*, 110 B.R. 268 (Bankr. S.D. Tex. 1989); *In re Canaveral Seafoods, Inc.*, 79 B.R. 57 (Bankr. M.D. Fla. 1987); and *In re Marietta Farms, Inc.*, 2004 WL 3019360 (Bankr.

D. Kan. Nov. 15, 2004)." *In re Electric Machinery Enterprises, Inc.*, 371 B.R. 549 (Bankr. M.D. Fla. 2001).

## CONCLUSION AS TO CENTERPOINT'S MOTION

Pursuant to the foregoing, the Judgment Order as to Counterclaim Count III will be replaced by an Amended Judgment Order that will eliminate Paragraph C of the Original Order, and replace it with a new Paragraph C that will clearly recognize the right of CenterPoint to calculate accrued interest and seek additional fees at some future date in accord with its contract rights.

Paragraph D regarding costs will also be amended to show that the allowance of costs previously ordered (Docket No. 1021) will apply under this Amended Judgment.

CenterPoint's counsel will present a proposed Amended Judgment Order when other matters are scheduled in this case on **November 21, 2011 at 1:30 p.m.** in courtroom 682.

## POSSIBLE CERTIFICATION FOR DIRECT APPEAL TO CIRCUIT COURT OF APPEALS

The issues relating to *Stern v. Marshall* that were ruled on herein before entry of Judgment will also apply to the Amended Judgment. Those issues should be reviewed by the Circuit Court of Appeals for the Seventh Circuit soon so as to provide guidance to lower courts as to the meaning of *Stern*. Direct appeal to the Court of Appeals is possible under 28 U.S.C. § 158(d)(2)(A) and Fed. R. Bankr. P. Rule 8001(f).

Counsel for the parties will on **November 21, 2011 at 1:30 p.m.** state in open court whether they will seek such certification, or if not whether the Bankruptcy Judge should *sua sponte* seek to certify all issues involving entry of final judgment by an Article I judge in the Amended Judgment as to Counts I, II, III, IV, and V of the Counterclaim for Direct Appeal to the Seventh Circuit Court of Appeals.

ENTER

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 15th day of November 2011.